UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS MICKENS,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------X

MEMORANDUM & ORDER
97-CV-2122(JS)

APPEARANCES:
For Petitioner:    Robert N. Isseks, Esq.
                    6 North Street
                    Middletown, NY 10940

                    Stephen R. Kahn, Esq.
                    Law Offices of Stephen R. Kahn
                    433 North Camcen Drive, Suite 888
                    Beverly Hills, CA 90210

                    Christopher Tritico, Esq.
                    4300 Scotland
                    Houston, TX 77095

For Respondent:    Cecil Carusi Scott, Esq.
                    United States Attorneys Office
                    Eastern District of New York
                    One Pierrepont Street, 14th Floor
                    Brooklyn, NY 11201

SEYBERT, District Judge.

## INTRODUCTION

        Petitioner Thomas Mickens ("Petitioner" or "Mickens") moves for reconsideration of this Court's Order dated August 17, 2005 ("August Order"). While Plaintiff's reconsideration motion was pending, Plaintiff filed a notice of appeal of the August 2005 Order to the Second Circuit Court of Appeals. In furtherance of the appeal, Plaintiff has requested that the Court issue him a

Certificate of Appealability pursuant to 28 U.S.C. § 2253.

The Court refers the Parties' to the August Order for a recitation of all facts pertinent to the pending motions.

DISCUSSION

I. The Effect Of The Pending Appeal

In most cases, the timely filing of a notice of appeal divests the district court of jurisdiction over an action. See Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 271 (2d Cir. 1994). However, courts in this Circuit have recognized that, where an appellant files a notice of appeal after filing a motion for reconsideration pursuant to Local Rule 6.3, the appellate court's jurisdiction is suspended and the district court is free to decide the motion on the merits. See Ricciuti v. New York City Transit Auth., 70 F. Supp. 2d 300, 337-38 (S.D.N.Y. 1999). The holding is supported by Federal Rule of Appellate Procedure 4(a), which provides that certain motions have the effect of staying the time for filing an appeal. See Fed. R. App. P. 4(a)(4); Lowrance v. Achtyl, 20 F.3d 529, 533 (2d Cir. 1994) (recognizing that an appeal taken after a properly filed motion to alter or amend judgment pursuant to Rule 59 is a "nullity"). Accordingly, this Court is free to reach the merits of Petitioner's reconsideration motion.

II. Petitioner's Reconsideration Motion

The standards controlling a motion for reconsideration are set forth in Local Civil Rule 6.3 and Rule 59(e) of the Federal

2

Rules of Civil Procedure. A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151, (S.D.N.Y. 1999). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

The Court finds no "controlling area of law" overlooked in the August Order. The Court adheres to its prior holding that "[w]here the plea offer is global, a defendant asserting prejudice from counsel's deficient representation with respect to the plea offer must either introduce objective facts indicating that the other co-defendants were inclined to accept the offer, or that the offer was not truly global." August Order at 2. The holding is divined from the principles espoused in Pham v. U.S., 317 F.3d 178, 184 (2d Cir. 2003), a case that expressly dealt with an undisclosed plea offer. Petitioner's reliance upon U.S. v. Williams, 372 F.3d 107 (2d Cir. 2004) is unavailing where, as here, no finding of conflict was made. See August Order at 14.

Petitioner's factual objection provides more fertile ground for reconsideration. Petitioner argues that AUSA Kirby Heller's testimony at the Hearing contradicts this Court's finding

3

that the Government unyieldingly enforced the terms of the global plea offer. Petitioner specifically relies upon Heller's testimony that the Government was interested in having Defendants Shelby Kearney and Bettina Celifie "out of the case" and having them serve as cooperators in the case against Petitioner and the other Defendants. (Tr. 71.)

In finding that the enforcement of the terms of the global plea precluded a finding of prejudice, this Court relied heavily upon the evident enforcement of the pleas unanimous terms against Co-Defendant Anthony Jacobs. At the Hearing, Jacobs' counsel testified that his client was interested in accepting the plea, but could not do so because not all Defendants would accept the global plea's terms. Because the global offer was the only one available to Jacobs, he eventually accepted responsibility for all charges against him in the Superseding Indictment. This Court reasoned that, because the global offer was the only offer made, and there was no indication that the Government would waiver from its unanimous terms, Petitioner could not demonstrate prejudice resulting from non-disclosure. Heller's statements concerning Kearney and Celifie compromise this finding; the testimony pointed out by Petitioner establishes that the provisions of the global plea might not have been enforced, and opens the door for Petitioner's claim of prejudice. See Pham, 317 F.3d at 184.

Petitioner has pointed to specific evidence that the

Government might not have enforced the terms of the global plea, and established a significant sentence disparity. He maintains that he has, therefore discharged his prejudice burden under Pham. See Pham, 317 F.3d at 182 ("significant sentencing disparity in combination with defendants statement of his intention is sufficient to support a prejudice finding"). The Government argues that the Court still may reject Petitioner's ineffective assistance claim because his averment that he would have accepted a plea requiring him to serve approximately twenty years is not credible.[1]

Purportedly non-credible, self-serving statements of plea acceptance are not unchartered territory in this Circuit. In United States v. Gordon, 156 F.3d 376, 381 (2d Cir. 1998) and Pham, the Second Circuit recognized that self-serving statements alone

---

[1] The Government also argues that Petitioner's claim must be dismissed because, due to his professed innocence, he could not have pled guilty to Count 5 (drug sale). But the determination that the global plea was not strictly enforced undercuts this argument. If the Government was willing to discuss modifications to the terms of the global plea, it certainly could have worked out an arrangement whereby Petitioner could plead to certain offenses that would subject him to a similar degree of punishment, but would not require him to perjure himself during allocution. In this regard it is important to point out the appropriate standard of review under Strickland. Petitioner need not prove with certainty that his attorney's deficient performance adversely affected the outcome; he need only demonstrate "a reasonable probability that . . . the result of the proceeding would have been different." Strickland v. Washington, 446 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); but cf. Pham v. United States, No. 99-CV-11613, 2005 WL 3307060 at *12 (S.D.N.Y. Dec. 7, 2005) (no reasonable probability of acceptance where petitioner steadfastly maintained innocence with respect to one of the charges contained in the plea offer).

are insufficient to satisfy the prejudice prong of Strickland. See Pham, 317 F.3d at 182 ("It is true that our precedent requires some objective evidence other than defendant's assertions to establish prejudice"). The holdings require some objective evidence to legitimize a petitioner's claim. Pham explained that a "significant sentencing disparity" permits a finder of fact to "infer that defendants who profess their innocence still will consider a plea." Id. at 183. But Pham does not create a per se rule; other evidence may be considered in determining whether a petitioner has satisfied his burden under Strickland. See August Order at 8; see also Cullen v. U.S., 194 F.3d 401, 407 (2d Cir. 1999) (rejecting the Government's argument that protestations of innocence, at trial and thereafter preclude a finding of prejudice, but noting that "insistence on . . . innocence is a factor relevant to any conclusion as to whether [a petitioner] has shown a reasonable probability that he would have pled guilty.") For example, a petitioner during the relevant period may have been so outspoken and steadfast with respect to his resolve to go to trial that, notwithstanding a significant sentencing disparity, it would be improper to credit a later proffered declaration that he would have accepted a plea.

At the Hearing, Petitioner testified that he would have accepted an offer requiring him to plead guilty to Counts 5 and 10 of the Superseding Indictment. (Tr. at 233.) He understood these

6

Counts to relate to the distribution of drugs and tax evasion. (Id. at 233, 295-96.) Petitioner believed that he would have been subject to a sentence between five and ten years if he pled guilty to these counts. (Id. at 294-96.)

As determined in the Court's August Order, however, drug distribution and tax evasion were not the charges offered in the plea letter. This Court adopted the testimony of AUSA Heller and found that the two charges pertained to a drug sale and money laundering - exposing Petitioner to statutory maximum sentences totaling forty years. Perceiving that the plea letter might have referred to these charges, the Government questioned Petitioner about his willingness to accept a plea of a lengthier duration than 10 years. In response, Plaintiff eventually testified that he would have accepted a plea of up to thirty-five years - the sentence that he actually received from Judge Thomas C. Platt. (Id. at 296.)

Petitioner stated that he would have accepted a plea of lengthier duration because he wanted to save his acquaintances from punishment and because he was guilty of "the money laundering and tax evasion charges" (Counts 7-21) contained in the Superseding Indictment. (Id. at 233.) He still maintained his innocence with respect to the "drug charges" (Counts 1, 4 and 5). (See Id. at 273-74, 309.) Petitioner's claims that he was guilty of the money laundering charges yet innocent of the drug conspiracy charge

7

(Count 1) are in tension with one another, but are not totally inconsistent. Petitioner admitted that he participated in a conspiracy to distribute drugs, but claimed that no conspiracy existed during the period (July 1987 - May 1988) set forth in the Superseding Indictment. (Tr. at 273-74.) With respect to the specific drug sale charges (Counts 4 and 5) Petitioner asserts that he did not participate in those specific transactions. Notably, the jury acquitted Petitioner of those Counts.

The Government argues that Petitioner's conduct during the relevant period belies any desire to accept a plea. The Government relies upon Petitioner's persistent claims of innocence, efforts to dissuade co-defendants from implicating him in the drug conspiracy, and expenditure of massive funds on a trial defense. Based upon Petitioner's demonstrated ability to proffer false representations, the Court agrees with the Government.

Cases such as this require a district court to, effectively, do the impossible. A court must attempt to travel back in time and assess what a particular defendant might have done under certain circumstances. A defendant's conduct is not the only variable in these cases. As aptly pointed out by Petitioner, where a defendant is not made aware of a plea, he not only loses the ability to accept its terms, but his ability to further negotiate is compromised. No individual can explain with any meaningful degree of precision what would have happened.

But cases such as Pham make clear that a showing of prejudice is still required. District courts must look to objective criteria and facts that legitimize a Petitioner's claim that he would have accepted a plea. Pham permits a substantial disparity between the plea offer and the sentence received to serve as an objective, corroborating fact, but Pham does not mandate a finding of prejudice in all such cases. A district court is still required to assess all of the evidence when determining whether a petitioner has sustained his burden.

As indicated in the August Order, Petitioner is hardly a bastion of credibility. He has manifested an utter disregard for the truth so long as it serves his purposes. At trial, Petitioner put forth a vigorous defense to all charges; only at this late juncture has Petitioner elected to profess his guilt to the significant money laundering charges that were levied against him. Such admitted guilt would typically be considered probative of whether he would have accepted a plea. If he was certain that the Government would, as it did, obtain convictions with respect to all of the money laundering charges, reason would dictate that he would be inclined to accept a plea.

However, the Court is apprehensive to credit such late in the day contrition. At trial, Petitioner presented an extensive and elaborate defense to the money laundering charges. He claimed that the funds alleged to be laundered were not the result of a

9

drug conspiracy; rather, the money was received from Petitioner's deceased father, who ran a gambling business. Petitioner continues to insist upon his innocence to Count 1 (drug distribution conspiracy), conveniently contending that any conspiracy existed only during times outside those set forth in the Superseding Indictment. The position stands in obvious tension with his trial claim of an alternative source of the laundered funds.

At the Hearing, Petitioner refuted the contents of an affidavit that he signed and submitted to Judge Platt in connection with a post-trial motion. In the affidavit, Petitioner provided a glowing review of Simels' performance as his trial counsel. The statements stood in stark contrast to Petitioner's testimony at the Hearing that he was manipulated and intimidated by Simels. In explaining why he signed the affidavit despite its false contents, Petitioner testified that he did so because Simels informed him that it would be in his "best interest." (Tr. at 228.) Indeed, rather than establish any consistent story with respect to admitted guilt or innocence that would allow the Court to assess the legitimacy of Plaintiff's claims that he would have accepted a plea, the foregoing facts establish that Petitioner is savvy and will say just about anything that will serve his purposes. Accordingly, the Court accords little probative value to Petitioner's proffer that his admitted guilt rendered him amenable to accepting a plea.

10

The disparity in sentences also ostensibly legitimizes Petitioner's claim. The Court finds, however, that in this case, the disparity is insufficient to carry Petitioner's burden. The Court reaches this conclusion for several reasons. First, the disparity between the sentence received and the sentence under the plea is not so immense as to *de facto* legitimize Petitioner's claim. The sentence under the plea was approximately twenty years, while the sentence Petitioner actually received was thirty-five years. While the disparity between the two sentences is substantial, the sentence pursuant to the plea is substantial in its own right. This was not a "no brainer" deal that, objectively, any defendant in Petitioner's position would accept. This mitigates the disparity's probative value as an objective, corroborating factor. Second, during the Hearing, it was clear that Petitioner's primary motivation for accepting a plea was his desire to protect his acquaintances from punishment. Petitioner submitted no evidence that his plea, in any way, would have achieved this goal. Deprived of his primary reason for accepting a plea, the Court fails to see why Petitioner would have accepted the offer. Petitioner also claimed that he would have accepted the plea because he was guilty of the money laundering and tax charges. As explained above, the Court attributes little probative value to Petitioner's recent acknowledgment of guilt - particularly where he presented such an elaborate defense at trial, has already been

11

convicted and, thus, has nothing to lose by making such a claim.

Finally, the Court relies upon Simels' testimony that Petitioner informed him that he was not interested in accepting a plea. (Tr. at 154, 187-88.) While the Court's reliance upon the statements of Simels in this context might strike the Parties as peculiar, his testimony on this topic, quite frankly, is the only testimony that makes sense in light of all the evidence adduced at the Hearing. The fact that Petitioner was not interested in accepting any plea explains (but certainly does not excuse) Simels' failure to convey the offer. Moreover, Petitioner's unwillingness to accept a deal explains why he never uncovered the existence of the global plea offer after hearing Defendants Jenkins and Jacobs discussing their respective offers while in the bullpen.

For all of the foregoing reasons, the Court rejects Petitioner's assertion that he would have accepted a plea, and therefore rejects Petitioner's claim of prejudice.

III. <u>Petitioner's Request For A Certificate Of Appealability</u>

Petitioner requests that this Court issue a certificate of appealabilty. A certificate of appealability should only be issued where the Petitioner has made a "substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Because the Court has determined that Petitioner sustained a Sixth Amendment injury, the request for a certificate of appealability is GRANTED on the issue of whether Petitioner sufficiently established

prejudice resulting from his counsel's ineffective assistance.

## CONCLUSION

For the reasons explained above, Petitioner's motion for reconsideration is DENIED. Petitioner's request for a certificate of appealability is GRANTED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   Central Islip, New York
         August  28 , 2006